ORDERED in the Southern District of Florida on June 16, 2008.



A. Jay Cristol, Chief Judge Emeritus
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

PROCEEDINGS UNDER CHAPTER 7
CASE NO. 07-10844-BKC-AJC

In Re:

Antonia Vick,

    Debtor.
_____/

### MEMORANDUM DECISION OVERRULING TRUSTEE'S OBJECTION TO DEBTOR'S CLAIMED EXEMPTIONS AND DENYING MOTION TO COMPEL TURNOVER OF NON-EXEMPT PROPERTY

THIS CAUSE came before the Court on May 20, 2008 upon *Alan L. Goldberg, Trustee's Objection to Debtor's Claimed Exemptions and Motion to Compel Turnover of Non-Exempt Property* (the "Objection" or "Motion")(CP 41) and upon the Debtor, Antonia Vick's response to the Objection (CP 49). For the following reasons, the Trustee's Objection is overruled and the Motion is denied.

*Facts*

On February 9, 2007 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, commencing this case in the United States Bankruptcy

1

Court for the Southern District of Florida. On the Petition Date, the Debtor occupied and held title to real property located at 20620 SW 124th Ct., Miami, Florida (the "Property"). Prior to the Petition Date, Debtor entered into a contract to sell the Property.

Debtor's schedules were filed on February 9, 2007 (CP 1). The first meeting of creditors, held pursuant to 11 U.S.C. sec. 341(a), was set in this case for March 16, 2007. Pursuant to the provisions of FRBP 4003(b), the bar date to object to the Debtor's exemptions was set forth in the clerk's notice as "thirty days after the conclusion of the meeting of creditors scheduled in this notice or within thirty days of any amendment to the list or supplemental schedules." (CP 2). No amendments to the schedules were filed, and the thirtieth day from the scheduled meeting of creditors was April 15, 2007.

On February 23, 2007, Debtor filed her *Emergency Motion to Sell Homestead Property Prior to Expiration of Deadline to Object to Debtor's Claimed Exemptions* (the "Motion to Sell") (CP 11). The Motion to Sell was heard on March 3, 2007 and the Court entered an order (CP 14) and an amended order (CP 15), both on March 6, 2007 (together, the orders are referred to as "Order Authorizing Sale)". The closing on the sale of the Property was set for March 6, 2007. The Order on the Motion to Sell granted the motion, allowed the Debtor to sell the Property, and payoff all liens. It further provided that the Debtor's portion of the sales proceeds would be forwarded to Debtor's prior counsel's trust account and kept in escrow "until the time to object to exemptions has expired, or, if any objections are filed, until the time that the objections are ruled upon by the court."

Because April 15, 2007 was a Sunday, the Trustee filed his objection to exemptions on April 16, 2007. The objection specifically objected to Debtor's "claimed exemptions in property listed on the Debtor's Schedule B". (CP 25) (the "First Objection"). In the First Objection, the

Trustee only objected to the "Debtor's claimed exemptions in the property listed on the Debtor's Schedule 'B' "and "certain personal property." (CP 25). The Trustee's did not object to the Debtor's claim of exemption of the Property listed in Schedule A.

Prior to the hearing on the First Objection, the Debtor and the Trustee entered into an agreed order, the *Agreed Order Sustaining Trustee's Objection to Debtor's Claimed Exemption and Cancelling Hearing* ("Order on First Objection")(CP 30). Pursuant to the Order on First Objection, the Debtor agreed to pay the Trustee $4,500.00 for the purchase of the "non exempt portion of the Debtor's interest in all of the personal property listed in Bankruptcy Schedule B...." The Order on First Objection further provided:

> 5. The Debtor agrees to extend the time to object to her claimed exemption only as it relates to the proceeds in the amount of $115,169.25 (the "Proceeds") from the sale of her homestead until May 30, 2008. The Debtor shall provide proof of the reinvestment of the Proceeds into a Florida homestead within 30 days thereof.
>
> 6. If the Debtor fails to comply with the terms of this Order and after giving notice of any default by fax to the Debtor's counsel and a three day chance to cure any default, the Trustee shall be entitled to file a motion and, upon notice and hearing, seek the entry of an order revoking the discharge of the Debtor for cause.

On April 16, 2008, the Trustee filed the Objection which is now before the Court. (CP 41). The Trustee objects to the Debtor's homestead exemption. Specifically, the Trustee objects to the exemption of the portion of the proceeds of the post-petition sale of Debtor's homestead in the amount of $61,688.19. The Trustee's Objection demands turnover of funds in the amount of $61,688.19.

### Discussion

Section 522 (b)(2)(A) of the Bankruptcy Code provides, in pertinent part:

"Property listed in this paragraph is – (A)....any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable *on the date of the filing of the petition*..." [emphasis added]

3

11 U.S.C. § 522 (b)(2)(A). As indicated, exemptions are determined as of the date of the filing of the petition. *In re Sandoval*, 103 F.3d 20 (5th Cir. 1997); *In re Marcus*, 1 F.3d 1050 (10th Cir. 1993); *In re Ballato*, 318 B.R. 205, 208 (Bankr. M.D.Fla. 2004); *In re Washofsky*, 78 B.R. 347 (Bankr. S.D.Fla.1987); *In re Crump*, 2 B.R. 222 (Bankr. S.D.Fla.1980) (the status of exempt property is determined as of the petition date); *In re Rivera*, 5 B.R. 313, 315 (Bankr. M.D. Fla. 1980) ("the right to claim exemptions by a Debtor is governed by the facts and governing circumstances which existed on the date the petition was filed and not by any changes which may have occurred thereafter").

Moreover, the constitutional homestead exemption is liberally construed to protect debtors' property from creditors. *Teasdale v. Frederck*, 183 B.R. 968, 970 (Bankr. M.D. Fla. 1995). A liberal construction allows for the family to retain its shelter and avoid destitution. *Orange Brevard Plumbing & Heating v. La Croix*, 137 So. 2d 201, 204 (Fla. 1962). Exceptions to the homestead exemption should be strictly construed. *Quigley v. Kennedy & Ely Ins., Inc.*, 207 So. 2d 431 (Fla. 1968).

Debtor's Property was exempt homestead property under Florida law on the Petition Date, despite the contract for sell that existed relative thereto. It is well established Florida law that homestead property does not lose its constitutional protection because of a contract to sell the property. *In re Crump*, 2 B.R. at 222; *Brown v. Lewis*, 520 F. Supp. 1114 (M.D. Fla. 1981)(homestead status not lost despite contract for sale); *In re Estate of Skuro*, 487 So. 2d 1065 (Fla. 1986); *In re Beensen*, 218 So. 2d 517 (Fla. 4th DCA 1969); 28A Fla. Jur.2d Homestead §91. Once homestead status has been acquired, it continues until the homestead is abandoned. Normally, this is evidenced by the establishment of a domicile at some other place or alienation

in the manner provided by law. *See Skuro*, 487 So.2d at 1066; *see also Marsh v. Hartley*, 109 So.2d 34 (Fla. 2nd DCA 1959).

In *Crump* the debtors entered into a contract to sell their homestead prior to the petition date. The debtors arranged to retain possession of the homestead until the day after the filing of the bankruptcy petition, at which time they moved into a leased property. The court found that the debtors physically occupied the house on the petition date and held the intention of leaving the house the day following the petition. Bankruptcy Judge Thomas C. Britton followed the Florida Court of Appeal's decision in *Beensen*, 218 So. 2d 517 and held that the property remained the debtors' exempt homestead despite the contract to sell the property and the firm plan to physically abandon the premises. Judge Britton ruled that neither the contract nor the intent to leave the house post-petition constituted the abandonment or termination of the homestead status. *Crump*, 2 B.R. at 222.

Similarly, in *Beensen*, the Florida Court of Appeal held that the involved real property retained homestead status even though the owner had contracted to sell the homestead property but also physically vacated the property three weeks prior to the closing of the sale. 218 So.2d at 517. Other states follow the same rule. *In re Troutman*, 378 B.R. 331 (Bankr.W.D. Okla. 2007) (under Oklahoma law, a sales contract does not constitute an act which relinquishes the debtor's right to a homestead exemption).

The Court rejects the Trustee's argument that the Debtor was required to reinvest the proceeds of the post-petition sale of her homestead into another homestead within a period of time or suffer the loss of the exemption. The Trustee's position is premised upon the holding in *Orange Brevard Plumbing & Heating Co. v. La Croix*, 137 So.2d at 201, which is distinguishable on the facts because, in that case, a debtor was holding the proceeds from a pre-

petition sale of homestead on the petition date. The Trustee's assertion that the Debtor promised or agreed to reinvest the proceeds of the sale of the homestead into another homestead is incorrect. In Debtor's Motion to Sell, she merely stated that she "intends to reinvest her portion in a new homestead." Furthermore, neither the Order Authorizing Sale dated March 6, 2007 nor the Agreed Order Sustaining Trustee's Objection to Debtor's Claimed Exemption and Cancelling Hearing dated May 7, 2007 required the Debtor to reinvest the proceeds of the sale of the homestead into another homestead. The Trustee's attempt to reach into the future, to recover post-petition assets for the payment of pre-petition debts or administrative expenses, is unauthorized and against the policies upon which the Bankruptcy Code is premised.

On the petition date, the Debtor held legal title to the Property and still occupied the Property. The sales contract did not constitute an abandonment of the Property. Therefore the homestead exemption is allowable under U.S. Const. art. X, § 4.

Finally, while the Court stands firm on its decision, it also believes the Trustee's Objection is untimely filed; and, on that basis alone, the Objection can be overruled. Section 522(l) of the Bankruptcy Code provides that property claimed as exempt is exempt unless a party in interest objects. Rule 4003(b) of the Federal Rules of Bankruptcy Procedure provides that any party in interest may object to the debtor's exemptions within 30 days after the conclusion of the creditors' meeting, or within 30 days after amendments to the list or supplemental schedules are filed. Rule 4003(b) further provides that the court may for cause extend this time if before the time to object expires, a party in interest files a request for an extension. FRBP 4003(b). No amendments or supplemental schedules were filed in this case. No interested party timely moved for an extension of the deadline.

The Section 341 (a) meeting of creditors was set, held, and concluded in this case on March 16, 2007; therefore, the deadline to object to Debtor's claim of objections was April 16, 2007 (because the thirtieth day fell on April 15 which was a Sunday). By his First Objection, the Trustee only objected to "certain personal property" listed in Debtor's Schedule B. Although the Agreed Order Sustaining Trustee's Objection to Debtor's Claimed Exemptions and Cancelling Hearing (CP 30) purports to extend the time to object to the Debtor's homestead exemption, the order was not entered until May 7, 2007 and the deadline to object to exemptions expired on April 16, 2007. The deadline to object to exemptions cannot be extended after it expires. The Trustee did not object to Debtor's homestead exemption in the First Objection and the Trustee did not move timely to extend the deadline to object to exemption. The Trustee did not object to Debtor's homestead exemption until April 16, 2008.

The Supreme Court addressed the importance of timeliness in the filing of objections to exemptions in *Taylor v. Freeland & Kronz*, 503 U.S. 638 (1992). In *Taylor*, the Court interpreted the thirty day period strictly and held that if no interested party files an objection to a claimed exemption within thirty days, then the claimed exemption is conclusively correct. *See also In re Green*, 31 F.3d 1098 (11th Cir. 1994). Once the deadline for objections to exemptions has passed, the objection deadline cannot be extended further and any objections filed will be considered untimely and barred under the circumstances. *Id. See also In re Brandstaetter*, 767 F.2d 324 (7th Cir. 1985).

Accordingly, it is

**ORDERED AND ADJUDGED** that the Trustee's Objection to Debtor's Claimed Exemptions is OVERRULED and the request for turnover is DENIED.

# # #

Copies furnished to:

Jordan E. Bublick
Attorney for Debtor
11645 Biscayne Blvd., Suite 305A
Miami, FL 33181-3158
Tel.: (305) 891-4055
Fax: (786) 264-3886
Email: jbublick@bublicklaw.com

(Atty. Bublick is directed to serve a copy of this order on all creditors and interested parties upon receipt of this order.)

8